```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CAROL KITTERLIN, an individual,

               Plaintiff,

vs.                                        Case No. 2:12-cv-20-FtM-29DNF

NORTH AMERICAN CANOE TOURS, INC. a
Connecticut for profit corporation
registered to do business in
Florida, DAVID HARRADEN, an
individual,

               Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #13) filed on March 8, 2012. Plaintiff filed a Response in Opposition (Doc. #14) on March 21, 2012. Defendant moves to dismiss Count I and Count II for failure to state a claim because the Complaint (Doc. #1) fails to present any factual allegations showing that North American Canoe Tours, Inc. (NACT) is a covered employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) or the Florida Civil Rights Act (FCRA). Defendants also seek to have the Court decline to exercise supplemental jurisdiction over the remaining state law claim in Count III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551

U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007))(internal quotation marks omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

As relevant here, plaintiff alleges that defendant NACT "was an employer covered by and within the meaning of Title VII", and that NACT "was an employer covered by and within the meaning of the Florida Civil Rights Act of 1992." (Doc. #1, ¶ 79, 87.) In its response, plaintiff references several other pertinent allegations in the Complaint that allow a "reasonable inference that NACT is a covered employer with 15 or more employees," including the identification of at least 9 employees. (Doc. #14, pp. 5, 7.)

An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each

working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b). <u>See also</u> Fla. Stat. § 760.02(7)("Employer" means any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person.")[1]  The threshold number of employees is an element of plaintiff's claim under Title VII that must be proven. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 516 (2006).

The current allegations consist of the unsupported legal conclusion that NACT was an employer within the meaning of the act without stating that there were at least 15 employees.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> As currently pled, the Court finds that the Complaint inadequately states a claim under either Title VII or the FCRA.  Plaintiff will however be provided an opportunity to amend, if she can do so.

Accordingly, it is now

**ORDERED:**

---

[1]The FCRA is patterned after Title VII and therefore the analysis will apply as to both Counts I and II. <u>Harper v. Blockbuster Entm't Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998).

-3-

Defendants' Motion to Dismiss (Doc. #13) is **GRANTED** and the Complaint is dismissed without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order if plaintiff can allege the requisite factual allegations.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2012.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record